John L. Krieger (CA Bar No. 212325)
JKrieger@dickinson-wright.com
Caleb L. Green (NV Bar No. 15234) (*pro hac vice to be submitted*)
CGreen@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Telephone: (702) 550-4400
Facsimile:  (844) 670-6009
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ortal Rebecca Kouchnir p/k/a Tali or Tali Kouch,<br><br>Plaintiff,<br><br>v.<br><br>Kevin Saurer p/k/a Hippie Sabotage, an individual; Jeff Saurer an individual p/k/a Hippie Sabotage; and Gadfly Communications, Inc. d/b/a iHipHop Distribution, a California corporation; Orchard Enterprises NY, Inc., d/b/a The Orchard, a New York corporation.<br><br>Defendants. | Case No.   2:23-cv-10694<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ortal Rebecca Kouchnir ("Tali") hereby brings this Complaint against Defendants Kevin Saurer, Jeff Saurer p/k/a "Hippie Sabotage," Gadfly Communications, Inc. d/b/a iHipHop Distribution, the Orchard Enterprises NY, Inc. d/b/a The Orchard and alleges as follows:

## NATURE OF THE CASE

1. This is an action for: (i) copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), and (2) copyright and moral

- 1 -

rights infringement under the Canadian Copyright Act R.S.C. 1985, c. C-42 (the "Canadian Copyright Act"). Tali seeks injunctive relief, as well as damages, attorneys' fees, and costs.

2. This copyright and moral rights infringement action involves the willful and intentional reproduction, creation of derivative works, distribution by sale, and/or public performance by means of digital audio transmission by Defendants, and each of them, of a distinctive and significant sound recording by Tali entitled "Shadows," in violation of Tali's exclusive rights granted under the U.S. Copyright Act and the Canadian Copyright Act.

## JURISDICTION AND VENUE

3. Tali's action involves a federal claim for copyright infringement under § 501 of the Copyright Act.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (actions arising under the Constitution, laws, or treaties of the U.S.), 1338(a) (actions arising under Acts of Congress relating to copyrights), and 1367(a) (supplemental jurisdiction over related claims, including foreign copyright infringement claims). This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a), in that the parties are citizens of different countries; the amount in controversy exceeds $75,000.00 as to each Defendant, exclusive of interest and costs, and the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a) is consistent with the jurisdictional requirements of 28 U.S.C. § 1332, in accordance with 28 U.S.C. § 1367(b).

5. This Court has personal jurisdiction over Defendants, and each of them, because they either reside and/or conduct systematic and continuous business in the State of California.

6. Alternatively, this Court may exercise personal jurisdiction over Defendants because they purposefully direct their infringing activities toward the State of California and, thus, purposefully avail themselves of the privileges of

conducting business in the State of California, and have directly harmed Tali in this judicial district by reproducing, creating derivative works, distributing, selling and/or offering for sale the infringing composition and sound recordings that infringes on Tali's copyrights and moral rights, which Defendants, and each of them, knew or should have known would cause injury to Tali in this judicial district.

7. Venue is proper because a substantial part of the events or omissions giving rise to Tali's claims occurred in this judicial district.

## THE PARTIES

8. Plaintiff Ortal Rebecca Kouchnir, professionally known as "Tali" or "Tali Kouch," is a singer-songwriter, who resides in Toronto, Canada.

9. Upon information and belief, Defendant Kevin Saurer is an individual who resides in Los Angeles, California.

10. Upon information and belief, Defendant Jeff Saurer is an individual who resides Los Angeles, California.

11. Upon information and belief, Defendants Kevin and Jeff Saurer are professionally known as "Hippie Sabotage" (collectively, "Hippie Sabotage"). Hippie Sabotage is an electronic dance music duo located in Los Angeles, California, and they are the authors of the infringing composition and sound recordings at issue in this matter and caused them to be distributed by sale and/or publicly performed by means of digital audio transmission.

12. Upon information and belief, Defendant Gadfly Communications, Inc. d/b/a iHipHop Distribution ("Gadfly"), is a corporation formed under the laws of California, and conducts business in Los Angeles, California. Gadfly is Hippie Sabotage's music label and manager, and released the infringing composition and sound recordings at issue and caused them to be distributed by sale and/or publicly performed by means of digital audio transmission throughout the United States, including into the State of California.

13. Upon information and belief, Defendant Orchard Enterprises NY, Inc.

- 3 -

1 d/b/a The Orchard ("Orchard") is a New York corporation, with its principle place of business in New York City, New York. Orchard is the music distributor for Defendants Hippie Sabotage, who are residents of Los Angeles, California, and caused the infringing composition and sound recordings at issue to be distributed by sale and/or publicly performed by means of digital audio transmission throughout the United States, including into the State of California.

14. At all times mentioned in this Complaint, Defendants, and each of them, were acting in concert.

## GENERAL ALLEGATIONS OF FACTS

15. Tali is a respected singer, songwriter, and recording artist.

16. Tali has been creating music since she was fourteen (14) years old, which in her early years she composed in her bedroom on a humble mini keyboard and microphone and, then, would upload her music to SoundCloud.

17. As a prolific songwriter, Tali has recorded and published numerous sound recordings over the past decade.

18. Sound recordings from Tali's library of musical compositions are available on several online streaming services, including, but not limited to, Spotify, YouTube, Bandcamp, and SoundCloud.

### *Tali's "Shadows" Sound Recording*

19. In December 2013, when she was just eighteen (18) years old, Tali composed all the music and lyrics to her musical composition entitled "Shadows" (the "Song"), which she recorded in her bedroom using her mini keyboard and uploaded it to her SoundCloud page.

20. Tali is the sole writer, singer, and producer of the Song, and owns all rights thereto.

21. Tali later registered the Song with the Society of Composers, Authors and Music Publishers of Canada (SOCAN).

22. Tali also eventually obtained a registration for the Song with the U.S.

Copyright Office, namely U.S. Copyright Registration No. SR0000965374. A true and correct copy of U.S. Copyright Registration No. SR0000965374 is attached hereto as Exhibit A. The validity of Tali's copyright in the Song is presumed as a matter of law.

### Defendant's Infringing Remix of the Select Portions of the Song

23. In or around September 2013, Tali reached out to Defendants Hippie Sabotage, expressed her interest in collaborating with Hippie Sabotage, and sent a link to her musical recordings on Tali's SoundCloud page.[1]

24. In response, Hippie Sabotage confirmed their receipt of Tali's musical recordings and indicated their willingness to work with her, namely:

> *Your voice and song writing are amazing. We definitely [sic] like to work with you.*[2]

25. Notwithstanding their expressed interest to work together, Hippie Sabotage never followed up with Tali and failed to propose any agreement to collaborate. Tali never heard from them again.

26. Several years later, however, Tali stumbled upon a sound recording by Hippie Sabotage that incorporated her Song, and later discovered was also released as a "live" version recording (the "Infringing Recordings," more specifically defined below).

27. In fact, the Infringing Recordings contain remixes of select and key portions of the Song.

28. Upon information and belief, Defendants Hippie Sabotage reproduced, copied, and/or created derivative works from the Song, to which they had prior access, resulting in the Infringing Recordings.

29. The Song and the Infringing Recordings contain substantially similar and defining compositional elements. The substantial similarities found in the Song

---

[1] True and correct copies of direct messages between Tali Kouch and Gadfly are attached hereto as Exhibit B.
[2] See Exhibit B.

and the Infringing Recordings are the result of many of the same deliberate creative choices made by their respective composers. Consequently, these works are substantially similar compositionally.

30. The Infringing Recordings are so similar to the Song that the ordinary observer can easily determine that select, prominent portions of the song sound the same in the essential compositional and other elements, including, but not limited to, the following elements:

A. The title of the Infringing Recordings "Able to See Me (Tali Flip)" alone is an inherent admission that the Infringing Recordings is a remix (or "flip") of Tali's Song;

B. The title of Infringing Recordings "Able to See Me" is taken directly from the initial lyrics of Tali's Song, namely the leading line: "How are you *able to see me*...;"

C. The Infringing Recordings and Song share identical and rhythmically similar lyrics, including the following:

| Tali's Song Lyrics | Infringing Recordings's Lyrics |
|---|---|
| "I stand in front of you<br>With a few more steps, between us<br>You tried to see the unknown" | "I stand in front of you<br>With a few more steps, between us<br>You tried to see the unknown." [3] |
| "But you wouldn't know what you see" | "But you wouldn't know they're not what you see"<br>"But you wouldn't know they're not watching me" |

---

[3] A true and correct copy of the lyrics for the Infringing Recordings as obtained from Spotify, is attached hereto as Exhibit D.

| | "But you wouldn't know they're not what you think"[4] |
|---|---|

D. The main vocal and instrumental themes of the Infringing Recordings are rooted in the select portions of the Song; namely, the signature phrase "able to see me," vocals, and keyboard; and

E. The Infringing Recordings contain copies of select portions of the Song that have been merely remixed to increase the beat, rhythm, and speed of the Song. Namely, Defendants Hippie Sabotage merely sped up select portions of the Song, and incorporated them in the Infringing Recordings.

31. The Infringing Recordings and the Song contain essential compositional elements so similar as to evidence the conscious copying of one in pursuit of the creation of the other.

32. The Infringing Recordings copies quantitatively and qualitatively distinct, important, and recognizable portions of the Song.

33. This unlawful copying has resulted in recordings so similar that the ordinary observer can only conclude that the Infringing Recordings would not exist but for the copying of the Song.

34. Upon information and belief, Hippie Sabotage reproduced and created derivative works from the Song, which was distributed by sale and/or publicly performed by means of digital audio transmission by all Defendants, including, but not limited to the following:

A. "Able to See Me (Tali Flip)," released on the Hippie Sabotage SoundCloud page.[5]

---

[4] See Exhibit D.
[5] Available at https://soundcloud.com/hippiesabotage/able-to-see-me (last accessed on December 19, 2023).



B. "Able to See Me," released on the Hippie Sabotage YouTube page.[6] A true and correct screen capture of the YouTube release is included below:

C. "Able to See Me," released on YouTube Music. A true and correct screen capture of the YouTube Music release is included below:[7]

---

[6] Available at https://www.youtube.com/watch?v=3Xa49VpCC9Y (last accessed on December 19, 2023).

[7] Available at https://music.youtube.com/watch?v=3Xa49VpCC9Y&si=VHlfELULoKPZrSUW (last accessed on December 19, 2023).

    D.    "Able to See Me (Live)," released on the Hippie Sabotage Spotify page. A true and correct screen capture of the Spotify release is included below:[8]

    E.    "Able to See Me," released on Apple Music. A true and correct screen capture of the Apple Music release is included below:[9]

---

[8] Available at https://open.spotify.com/track/1V3q177THzhKV2obfsOvAV?si=c352cf6047d8423e (last accessed on December 19, 2023).

[9] Available at https://music.apple.com/us/album/able-to-see-me/1226559968?i=1226560494 (last accessed on December 19, 2023).

(collectively, the "Infringing Recordings"). True and correct screen captures of each platform where the Infringing Recordings are offered for payback, download, and/or sale are attached hereto as Exhibit C.

35. Defendants, and each of them, unlawfully exploited, and continue to unlawfully exploit, the Song in the Infringing Recordings without the authority or consent of Tali, resulting in the generation of profits and credit in favor of Defendants, and each of them. Further, Defendants', and each of their, conduct was undertaken purposefully, willfully, knowingly and maliciously to the exclusion of, and without regard to the inevitable damage to Tali.

**FIRST CLAIM FOR RELIEF**
**(Federal Copyright Infringement under 17 U.S.C. § 501)**
**(Against all Defendants)**

36. Tali re-alleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint as though fully set forth herein.

37. Tali is the sole copyright owner of the Song recording "Shadows," and of all rights, title, and interest in and to the Song.

38. Tali is the owner of the U.S. Copyright Office registration for the Song.

39. Tali's Song is a sound recording within the meaning of 17 U.S.C. §§ 101 and 102(a)(7).

40. Tali's Song is an original, creative work of expression fixed in a tangible medium from which it can be perceived, and is subject to full protection under the Copyright Act.

41. The Infringing Recordings are an unauthorized reproduction,

distribution, performance, or creation of a derivative work of the Song and infringes Tali's exclusive rights in direct violation of the Copyright Act.

42. Defendants reproduced select portions of the Song and created derivative works resulting in the Infringing Recordings, and/or Defendants have distributed, performed, offered for sale and/or sold the Infringing Recordings in the United States, including on the Internet.

43. Upon information and belief, Defendants had full knowledge of Tali's rights in the Song at the time Defendants copied key portions of it.

44. Upon information and belief, Defendants were aware that their acts constituted infringement of the Tali's copyright in the Song.

45. Tali's Song is, and has been, widely disseminated.

46. The similarities between select portions Tali's Song and the Infringing Recordings are so substantial and so striking that it is highly unlikely the works were created independent of one another.

47. Defendants, and each of them, committed all of the acts alleged herein without Tali's authorization, permission, license, or consent.

48. By reproducing, creating derivative works, distributing, performing, selling, and/or otherwise using select portions of the Song in the Infringing Recordings that are identical and/or substantially similar to the select portions of the Song without Tali's consent, Defendants, and each of them, have infringed on Tali's exclusive rights in the Song, and have violated § 501 of the Copyright Act.

49. Upon information and belief, Defendants, and each of them, have benefited from the infringement of Tali's Song through the profits generated from the sales and performance of the Infringing Recordings or variants thereof.

50. Upon information and belief, Defendants each have or have had the right and ability to supervise and/or control the infringing activities of one another.

51. Upon information and belief, Defendants have each directly benefitted financially from the others' infringing activities.

52. As a result, in addition to, or as an alternative to, the direct liability outlined above, either Defendants is vicariously liable for the infringement alleged herein.

53. To the extent any of the Defendants are not directly liable for infringing the copyrights in Tali's Song, each of them is vicariously liable.

54. Upon information and belief, Defendants, and each of them, knew or had reason to know of, the others' infringing activity and intentionally induced or materially contributed to that infringing activity.

55. Defendants', and each of their, intent to induce the infringing activity is, upon information and belief, demonstrated by affirmative steps taken by each to encourage the others' activity in the infringement of Tali's Song.

56. As a result, Defendants, and each of them, are liable for contributory infringement to the extent any are not liable for direct infringement of Tali's Song.

57. Defendants', and each of their, wrongful actions continue to deprive Tali of her rights and benefits in the Song, which include the exclusive right to use, reproduce, distribute, perform, sell, and create derivative works using the Song.

58. Unless enjoined by the Court, Defendants, and each of them, will continue to wrongfully use and infringe on Tali's copyright in the Song by continuing to distribute, perform, create derivative works, and/or profit from the sale of the Infringing Recordings or variants thereof.

59. As the direct and proximate result of Defendants', and each of their, infringement of the copyright in the Song, Tali has suffered, and will continue to suffer, monetary damages, and irreparable injury to her business, reputation, and goodwill.

60. Tali is entitled to injunctive relief and an award of Tali's actual damages and to Defendants' profits directly or indirectly attributable to such infringement and related reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Copyright and Moral Rights Infringement under the Canadian Copyright Act)**
**(Against all Defendants)**

61. Tali re-alleges and incorporates by reference all allegations contained in the above Paragraphs 1-35 of this Complaint as though fully set forth herein.

62. This is an action for copyright infringement under Section 27 and moral rights infringement under Sections 28.1 and 28.2 of the Canadian Copyright Act.

63. Copyright infringement constitutes a transitory and reciprocal cause of action, and may be adjudicated in the courts of a sovereign state other than the one in which the cause of action arose.

64. The Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention") requires a signatory state to accord the same copyright protection that it offers to its own citizens to works authored by other signatory states' citizens.

65. Both the United States and Canada are signatory states to the Berne Convention, and, as a result, the United States accords such protection to Canadian authors.

66. Pursuant, inter alia, to Section 5(1) of the Canadian Copyright Act, when the Song was first created, Canadian law automatically protected the copyrights therein, without first requiring registration or other formalities.

67. Tali was the first artist to create the Song and as a result, Tali and her Song became well known and recognized by the public.

68. Defendants, and each of them, have, and continue to, reproduce, create derivative works, distribute, perform, sell, and/or otherwise use select portions of the Song in the Infringing Recordings in Canada.

69. Defendants, and each of them, were aware of Tali's rights in the Song when they began to reproduce, create derivative works, distribute, perform, sell, and/or otherwise use select portions of the Song in the Infringing Recordings in

Canada, and have knowingly attempted to deny Tali of her right to be associated as the author of her own Song.

70. Defendants, and each of them, committed infringing acts in Canada without Tali's authorization, permission, license, or consent.

71. Defendants, and each of them, have benefitted from their infringement of the Song through the profits generated from the performance and sales in Canada of the Infringing Recordings and, unless restrained, will continue to benefit therefrom.

72. Under Section 27 of the Canadian Copyright Act, Defendants, and each of them, have infringed Tali's copyright in the Song by, inter alia, reproducing, distributing, performing, selling, and/or otherwise using the Infringing Recordings or otherwise offering the Infringing Recordings for sale in Canada for this purpose, and for otherwise dealing with rights in the Song reserved exclusively to the copyright owner under Section 3(1) of the Canadian Copyright Act, all without Tali's consent.

73. Additionally, and in the alternative, Defendants, and each of them, have infringed Tali's moral rights under Section 28.1 of the Canadian Copyright Act by denying her the right to be associated by name with her own Song.

74. Additionally, and in the alternative, Defendants, and each of them, have infringed Tali's moral rights under Sections 28.1 and 28.2 of the Canadian Copyright Act by distorting, altering, remixing, and "flipping" select portions of the Song, without Tali's authorization, permission, or consent.

75. As a result of Defendants', and each of their, infringing acts, Tali is entitled under Sections 34 and 35 of the Canadian Copyright Act to preliminary and permanent injunctions, and

    A. Damages, including punitive damages, and a disgorgement of Defendants' profits to the extent that such profits are not taken into account in the calculation of damages; or

    B. In the alternative, an award of statutory damages for each instance

of Defendants' infringement of the Song, as prescribed under Section 38.1 of the Canadian Copyright Act.

## REQUEST FOR RELIEF

**WHEREFORE,** as to all of her Claims, Tali respectfully prays that this Court enter judgment in her favor and against Defendants, and each of them, for relief as follows:

1. A preliminary and permanent injunction pursuant to the U.S. Copyright Act, 17 U.S.C. §§106 and 502, and Canadian Copyright Act, Sections 34(1), 34(2), and 39.1 requiring Defendants, and each of their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be preliminarily and permanently enjoined and restrained from reproducing, creating derivative works, publishing, distributing, or performing the Infringing Recordings in any manner in both the United States and Canada;

2. A mandatory injunction pursuant to the U.S. Copyright Act, 17 U.S.C. §§106 and 503, and Canadian Copyright Act, Sections 34(1), 34(2), and 38 requiring Defendants, and each of their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, impounding, as well as destroying and/or delivering up for destruction all the Infringing Recordings, including all masters, tapes, or other articles by means of which such copies or phone records may be reproduced;

3. An order requiring the U.S. Copyright Office to cancel any and all U.S. Copyright registrations and/or pending applications for the Infringing Recordings owned by Defendants, their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them;

4. An order requiring Defendants, their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations

in active concert or participation with them, to assign, transfer, and release to Tali any and all registrations concerning the Infringing Recordings with any and all Performance Rights Organizations, including ASCAP, BMI, and SESAC;

5. An order requiring Defendants, their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, to immediately remove the Infringing Recordings from any and all online and streaming platforms;

6. Judgment against Defendants, and each of them, for their infringement under the U.S. Copyright Act, 17 U.S.C. §§106 and 501, and for the willful, intentional and purposeful disregard and indifference to Tali's rights. Tali is therefore entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. §504, including an accounting and/or statutory damages. Further, Tali is entitled to her reasonable attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law. Further, as a direct and proximate result of the violations of the Copyright Act, Tali has sustained, and will continue to sustain, substantial, immediate and irreparable injury for which there is no adequate remedy at law, such that damages should include permanent injunctive relief;

7. Judgment against Defendants, and each of them, for their infringement under the Canadian Copyright Act, Sections 34 and 35, and for the willful, intentional and purposeful disregard and indifference to Tali's rights. Tali is therefore entitled to an award for punitive damages, and accounting of all profits earned by Defendants, and each of them, as a result of their infringing acts to the extent that such profits are not taken into account in the calculation of damages; or, in the alternative, an award of statutory damages for the Song as infringed upon by Defendants, and each of them, as prescribed under the Canadian Copyright Act, Section 38.1;

8. Imposition of a constructive trust for the benefit of Tali on all revenues generated by Defendants, and each of them, from the sale of the Infringing Recordings, or any substantially similar recordings;

9. A award of prejudgment and post-judgment interest in an amount to be ascertained at trial; and

10. Such other and further relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 28, Tali hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: December 21, 2023.

**DICKINSON WRIGHT PLLC**

By: /s/ *John L. Krieger*
John L. Krieger
Caleb L. Green (*pro hac vice to be submitted*)
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Phone: (702) 550-4400
Fax: (844) 670-6009
*Attorneys for Plaintiff*